**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| PAMELA GIST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-562 RLW |
| | ) |
| CENTENE MANAGEMENT | ) |
| COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se Plaintiff Pamela Gist's ("Gist") Motion to Remand (ECF No. 14), filed on June 11, 2021. On June 28, 2021, Defendant Centene Management Company, LLC ("Centene") filed its Memorandum in Opposition to Gist's Motion to Remand (ECF No. 21). Gist has not filed a reply in support of her Motion to Remand, and the time for filing a reply has run. *See* E.D.Mo. L.R. 4.01(C). For the reasons stated herein, the Court denies Gist's Motion to Remand.

### BACKGROUND

On January 23, 2020, Gist dually filed her Charge of Discrimination with the Equal Employment Opportunity Commission. (ECF No. 5-1) At the conclusion of the particulars of her Charge of Discrimination, Gist states, "I believe I was denied additional training and terminated due to my age sixty-two and my disability. This is in violation of the Age Discrimination in Employment Act [ADEA] and Americans with Disabilities Act [ADA]." (ECF No. 5-2 at 2).

On March 29, 2021, Gist filed a lawsuit in the Twenty-First Judicial Circuit Court, St. Louis County, Missouri, *Pamela Gist v. Centene Management Company LLC*, Case No. 21SL-CC1438. *See* Notice of Removal, ECF No. 1, ¶1; Petition, ECF No. 5. Gist's Petition did not cite

or reference any state or federal law. (ECF No. 5). On May 13, 2021, Centene removed this action to federal court based upon Gist's reference to the ADEA and ADA in her Charge of Discrimination. (ECF No. 1).[1]

## STANDARD OF REVIEW

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009); *City of Univ. City, Missouri v. AT & T Wireless Services, Inc.*, 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002). 28 U.S.C. § 1331 provides federal jurisdiction of all civil actions "arising under" federal law. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1569 (2016). "Most directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted." *Id*.

---

[1] In its Memorandum in Opposition to Plaintiff's Motion to Remand, Centene states that Gist "re-filed her [Petition] in this Court and attached as an exhibit her Charge of Discrimination alleging violation of the ADA." (ECF No. 21 at 20 (emphasis in original); *see also* ECF No. 21 at 3 ("Second, Plaintiff, on her own, filed her [Petition] in this Court on May 14, 2021") (emphasis in original). In a removal action, the Clerk of the Court, typically files the Petition as a separate docket entry for clarity. The Petition was likely docketed on May 14, 2021 by the Clerk, and not re-filed separately by Gist.

## DISCUSSION

In her Motion to Remand, Gist states that she was presented with conflicting information regarding whether her case should be filed in state or federal court. (ECF No. 14). Gist, however, offers no argument for why her case does not belong in federal court. Gist notes that she filed a motion for appointment of counsel. *Id*.

The Court holds that Gist's cause of action was properly removed because she alleges a claim under federal statutes, the ADEA and ADA. *See* 28 U.S.C. §1331. Although Gist does not reference the ADEA and ADA in her Petition, she clearly does so in her Charge of Discrimination. (ECF No. 5-1). Gist's Charge of Discrimination is incorporated into her pleadings. "[F]ederal rules require that the charge of discrimination and the complaint be read together." *Williams v. Target Stores*, 479 F. App'x 26, 28 (8th Cir. 2012) (citing Fed.R.Civ.P. 10(c) (copy of written instrument that is exhibit to pleading is part of pleading for all purposes)). Therefore, the Court denies Gist's Motion to Remand because her Complaint alleges a cause of action under the ADEA and ADA.

Defendant

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail a copy of this Order to Pamela Gist, 1060 Melvin Avenue, St. Louis, MO 63137.

Dated this 22nd day of July, 2021.

*Ronnie L. White*

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**