**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| PAMELA GIST, | ) |
| | ) |
|     Plaintiff, | ) |
| | )    No. 4:21CV562 RLW |
| v. | ) |
| | ) |
| CENTENE MANAGEMENT COMPANY, LLC, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant Centene Management Company LLC's Motion to Dismiss (ECF No. 8). This matter is fully briefed and ready for disposition. The Court will dismiss Plaintiff Pamela Gist's ("Gist") claims against Centene Management Company, LLC ("Centene").

## BACKGROUND

Gist was a Claims Analyst for Centene from November 16, 2018 until her termination in November 2019. (Petition, ECF No. 5 at 1). Gist alleges that she notified her supervisor that she required hip surgery. Gist was approved for leave and underwent surgery on June 30, 2019. Gist alleges that when she reported into work on November 12, 2019, he was unable to log into her computer. Gist contends she was notified of her termination the following week.

On January 23, 2020, Gist dually-filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). (ECF No. 9-1). In her Charge, Gist checked the "Age" and "Disability" boxes, but did not check the "Retaliation" box. (*Id.*) On August 20, 2020, the

1

EEOC issued a Dismissal and Notice of Right to Sue Letter to Plaintiff.  (ECF No. 9-2).  On December 17, 2020, the MCHR issued a Notice of Right to Sue.  (ECF No. 9-3).  The EEOC Notice and the MCHR Notice both required that Plaintiff file any lawsuit related to her charge within 90 days of their issuance or she would lose her right to file a lawsuit.  (ECF No. 9-2, 9-3).  On March 29, 2021, Gist filed her Complaint in the Twenty-First Judicial Circuit of St. Louis County, State of Missouri.  (ECF No. 5).  Gist claims that she was terminated in "retaliation for [her] total hip replacement."  (ECF No. 5 at 2).  Centene removed this action based upon Federal Question and Supplemental Jurisdiction.  (ECF No. 1; 28 U.S.C. § 1441 and 28 U.S.C. § 1446(a): 28 U.S.C. § 1331).

## DISCUSSION

### A. Timeliness

In order to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint under Rule 12(b)(6) attack does not require detailed factual allegations, a plaintiff's responsibility to establish grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 55; *Huang v. Gateway Hotel Holdings*, 520 F.Supp. 2d 1137, 1140 (E.D. Mo. 2007). Under Fed. R. Civ. P. 8(a)(2), the complaint "must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2).  In reviewing a motion to dismiss, the Court must view all allegations within the complaint liberally in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp*., 514

F3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)).

As stated, Gist received her Notice of Right to Sue from the EEOC on August 20, 2020 and her Notice of Right to Sue from the MCHR on December 17, 2020.  However, Gist did not file her Petition until March 29, 2021, which is more than ninety days after receiving the latter of her Notice of Right to Sue letters.  The plain language of Title VII and the MHRA requires that suit be filed within ninety days of a plaintiff's Notice of Right to Sue from the EEOC or the MCHR. *See* 42 U.S.C. § 2000e–5(f)(1) (Title VII); Mo. Rev. Stat. § 213.111.1 *("Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter")*(MHRA); *see Macon v. Cedarcroft Health Servs., Inc.*, No. 4:12-CV-1481 CAS, 2013 WL 1283865, at *4 (E.D. Mo. Mar. 27, 2013); *Bonvicino v. Sec. Servs. of Am., L.L.C.*, No. 4:07CV78 JCH, 2007 WL 1138843, at *2 (E.D. Mo. Apr. 17, 2007) (citing 42 U.S.C. § 2000e-5(f)(1) ("By statute, a Title VII complaint must be filed within ninety days of receipt of a Notice of Right to Sue from the EEOC.");[1] *Hammond v. Mun. Correction Inst.*, 117 S.W.3d 130, 137 (Mo. Ct. App. 2003).  In response, Gist states only that she has been

---

[1] Under Eighth Circuit law, "the ninety-day limitation period of 42 U.S.C. § 2000e-5(f)(1) is not a jurisdictional prerequisite to federal suit and is, therefore, subject to equitable tolling in appropriate circumstances." *Hill v. John Chezik Imports,* 869 F.2d 1122, 1124 (8th Cir.1989). The doctrine of equitable tolling is a limited one, however, " 'reserved for circumstances that are truly beyond the control of the plaintiff.' " *Bledsoe v. Nucor-Yamato Steel Co.,* 18 Fed. Appx. 433, 435 (8th Cir.2001), quoting *Shempert v. Harwick Chemical Corp.,* 151 F.3d 793, 798 (8th Cir.1998), *cert. denied,* 536 U.S. 904 (2002); *Bonvicino ,* 2007 WL 1138843, at *2.  Here, Gist has not provided any basis for equitably tolling her claim.

3

unable to secure representation, but does not dispute that her Petition was untimely.  (ECF No. 24).[2]  Therefore, the Court dismisses Gist's lawsuit because it was untimely filed.

### B.  Gist Failed to Exhaust Her Administrative Remedies

Centene further claims that this Court lacks subject matter jurisdiction over claims where a plaintiff has failed to exhaust administrative remedies. Fed. R. Civ. P. 12(b)(1).  The standard for a motion to dismiss under Rule 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1). *See Titus v. Sullivan,* 4 F.3d 590, 593 & n. 1 (8th Cir.1993); *Satz v. ITT Financial Corp.,* 619 F.2d 738, 742 (8th Cir.1980); *Nunley v. Ethel Hedgeman Lyle Acad.*, No. 4:08-CV-1664 CAS, 2011 WL 147864, at *1 (E.D. Mo. Jan. 18, 2011). A court has authority to consider matters outside the pleadings for purposes of deciding a motion to dismiss for lack of subject matter jurisdiction. *Harris v. P.A.M. Transport, Inc.,* 339 F.3d 635, 637 n. 4 (8th Cir.2003) (citing *Osborn v. United States,* 918 F.2d 724, 728 n. 4 (8th Cir.1990)).

Exhaustion of administrative remedies requires that the complainant file a timely charge with the EEOC, thereby allowing the agency time to investigate the charge. *See* 42 U.S.C. § 2000ff—6; *Parisi v. Boeing Co.,* 400 F.3d 583, 585 (8th Cir. 2012);, 2013 WL 1283865, at *6. "Only after the charge is filed, and either the EEOC's attempts at conciliation have failed or the EEOC determines that there is no reasonable cause to believe discrimination occurred, may the plaintiff file suit in federal court." *Macon*, 2013 WL 1283865, at *6 (citing *Richter v. Advance Auto Parts, Inc.,* 686 F.3d 847, 851 (8th Cir. 2012)).

---

[2] The Court give Gist additional time to find new counsel, but no one has entered on her behalf. (ECF No. 19).

Here, Gist's Charge does not reference retaliation and she checked only the boxes for age and disability discrimination. (ECF No. 9-1).  Likewise, Gist's Statement of Particulars does not include any discussion of retaliation.  Therefore, the Court holds dismissal of her Complaint, to the extent it is premised upon retaliation, is required.  *See Richter*, 686 F.3d at 853 (federal law required exhaustion of Title VII retaliation claim).

Accordingly,

**IT IS HEREBY ORDERED** Defendant Centene Management Company LLC's Motion to Dismiss (ECF No. 8)  is **GRANTED**.

An Order of Dismissal is filed herewith.

Dated this 9th day of August 2021.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**